Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ESTADO LIBRE ASOCIADO DE PUERTO RICO; ADMINISTRACIÓN DE VIVIENDA PÚBLICA P/C MANAGEMENT CORP.<br><br>Apelado<br><br>v.<br><br>ÁNGEL WILLIAMS<br><br>Apelante | KLAN202300998 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2022CV09563<br><br>Sobre: Desahucio por falta de pago |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

I.

El 29 de octubre de 2022, la Administración de Vivienda Pública (AVP) instó *Demanda* sobre desahucio por falta de pago al amparo del procedimiento sumario contra el Sr. Ángel Williams. Diligenciada la citación, el 7 de noviembre de 2022 el señor Williams instó *Moción* por derecho propio, solicitando que se le concediera término para contratar representación legal.

Así las cosas, en una vista celebrada el 7 de diciembre de 2022, la AVP argumentó que solicitaba el desahucio del señor Williams del apartamento #2288, del edificio 124 en el Residencial Luis Llorens Torres por adeudar $2,237.00 por concepto de renta.

El 25 de enero de 2023, la Oficina de Asuntos Legales de la Oficina del Procurador de las Personas de Edad Avanzada (OPPEA) solicitó intervención a favor del señor Williams y que se transfiriera la vista de desahucio. Concedida su solicitud, el 6 de marzo de 2023, se celebró una vista de estatus de los procedimientos. Allí, la AVP expresó que la deuda ascendía a $2,511.00, con un canon de

arrendamiento de $137.00 mensual. Además, notificó que, en enero del 2023 el señor Williams emitió un pago por la cantidad de $411.00. Por su parte, la OPPEA informó que, las partes estaban en conversaciones para evitar el lanzamiento del señor Williams de la propiedad.

Ante la imposibilidad de llegar a un acuerdo, el 25 de abril de 2023 se celebró la vista de desahucio. Tras escuchar los argumentos de ambas partes, el 15 de mayo de 2023, notificada el 16, el Foro primario emitió *Sentencia* y declaró "Con Lugar" el desahucio.

Inconforme, el 13 de junio de 2023, el señor Williams instó *Moción de Reconsideración de la Sentencia*. Adujo que, la AVP no cumplió con informar a las agencias concernidas al presentar la *Demanda*. Además, planteó que, desde abril del 2017 había estado objetando los contratos de arrendamiento ante el Departamento de la Vivienda y la administradora del residencial. Por ello, solicitó que se pospusiera la sentencia o, en su alternativa, que se señalara una nueva vista.

El 9 de julio de 2023, el Foro primario concedió término de veinte (20) días a la AVP para que se expresara sobre la solicitud del señor Williams. El 16 de julio de 2023, la AVP presentó *Oposición a Moción Solicitando Reconsideración*. Sostuvo que la presentación de la *Moción de Reconsideración de la Sentencia* fue tardía, al presentarse en exceso de los quince (15) días que establece nuestro ordenamiento jurídico. Además, arguyó que la sentencia era una final, firme e inapelable, ya que el señor Williams tampoco había instado una apelación dentro del término establecido en ley.

Atendidas las *Mociones*, el 24 de julio de 2023, el Foro primario emitió *Resolución* declarando "No Ha Lugar" la *Moción de Reconsideración de la Sentencia*. Posteriormente, tras la negativa del señor Williams a desalojar el apartamento, la AVP presentó *Moción Solicitando Lanzamiento*. A esos efectos, el 22 de agosto de 2023,

notificada el 23, el Tribunal de Primera Instancia emitió *Orden* reiterando que la sentencia era una final, firme e inapelable, y manteniendo el lanzamiento del señor Williams de la propiedad.

Por su parte, el 23 de agosto de 2023, el señor Williams presentó *Moción,* en la que solicitó la paralización del desalojo. En respuesta, el 27 de agosto de 2023, la AVP presentó *Moción Expresando Posición* y reiteró que procedía la entrega de la posesión del inmueble. El 25 de octubre de 2023, nuevamente el señor Williams presentó ante el Foro primario una *Petición* reiterando la solicitud de posponer el lanzamiento. A esos efectos, el Foro primario emitió *Orden* y le concedió hasta el 8 de noviembre del 2023 para que se efectuara el lanzamiento.

Aun inconforme, el 7 de noviembre de 2023, el señor Williams acudió ante nuestra consideración mediante *Apelación* y *Moción para Paralización y en Auxilio de Jurisdicción.* Evaluado su recurso, el 8 de noviembre de 2023, emitimos *Resolución* declarando "No Ha Lugar" la *Moción para Paralización y en Auxilio de Jurisdicción.* Además, concedimos término de diez (10) días a la AVP para que fijara su posición.

El 21 de noviembre de 2023, la AVP compareció mediante *Solicitud de Desestimación,* aduciendo que no ostentamos jurisdicción por haberse presentado el recurso tardíamente. Basó su contención en que el señor Williams había presentado su recurso en exceso del término especial de cinco (5) días que dispone nuestro ordenamiento jurídico.

En el ejercicio de la facultad discrecional que nos concede la Regla 7 (B)(5) de nuestro Reglamento,[1] preterimos todo trámite

---

[1] La Regla 7(B)(5) dispone:
El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B, R. 7 (B)(5).

ulterior y, por los fundamentos que expondremos a continuación *desestimamos* el presente *Recurso*.

II.

A.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[2] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[3] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[4] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[5] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[6]

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[7] Debido a que la ausencia de jurisdicción es insubsanable.[8] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[9] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para

---

[2] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo,* 104 DPR 778, 782 (1976).

[3] *Torres*, 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda,* 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE,* 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al.* v. *ARPE et al.*, 187 DPR 445, 456 (2012).

[4] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002).

[5] *Torres*, 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.*, 164 DPR 663, 674 (2005); *Vázquez*, 128 DPR, pág. 537.

[6] *Allied Management Group Inc.* v. *Oriental Bank*, 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez*, 128 DPR, pág. 537.

[7] *Allied Management Group Inc.,* 204 DPR; *Carattini* v. *Collazo Systems Analysis Inc.,* 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002)

[8] *Allied Management Group Inc.*, 204 DPR; *Maldonado,* 171 DPR, pág. 55; *Souffront*, 164 DPR, pág. 674; *Vázquez*, 128 DPR, pág. 537.

[9] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario,* 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group,* 189 DPR 84 (2013); *Hernández* v. *The Taco Maker,* 181 DPR 281 (2011); *Lugo* v. *Suárez,* 165 DPR 729 (2005); *Pellot* v. *Avon,* 160 DPR 125 (2003).

desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[10]

## B.

El desahucio es un procedimiento especial de naturaleza sumaria cuyo fin es recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente.[11] Cuando se presenta una demanda de desahucio el promovente puede escoger entre un proceso ordinario o un proceso sumario. El desahucio sumario, reglamentado por los Arts. 620–634 del Código de Enjuiciamiento Civil,[12] responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido.[13] Nuestro ordenamiento jurídico dispone que, las sentencias que el Tribunal de Primera Instancia emite como parte de este procedimiento de desahucio sumario, son apelables.[14] Sin embargo, el término que se tiene para ello, es uno jurisdiccional de **cinco (5) días,** contados a partir de la fecha de archivo en autos de la notificación de la sentencia.[15]

## III.

En el presente caso, luego de que la AVP presentara *Demanda* sobre desahucio por falta del pago contra el señor Williams, el **16 de mayo de 2023**, el Foro primario notificó *Sentencia* y declaró "Con Lugar" la misma. A esos efectos, se ordenó el lanzamiento del señor Williams de la propiedad. Inconforme con dicha *Sentencia*, **el 13 de junio del 2023, el señor Williams presentó** *Moción de Reconsideración* **ante el Tribunal de Primera Instancia**.

---

[10] 4 LPRA Ap. XXII-B, R. 83.
[11] *Acosta et al.* v. *S.L.G. Ghigliotti*, 186 DPR 984, 989 (2012); *Mora Dev. Corp.* v. *Sandín*, 118 DPR 733 (1987).
[12] 32 LPRA §§ 2821-2838.
[13] *Administración de Vivienda* v. *Vega Martínez*, 200 DPR 235 (2018); *ATPR* v. *SLG Volmar–Mathieu,* 196 DPR 5, 9 (2016).
[14] Art. 628 del Código de Enjuiciamiento Civil, 32 LPRA § 2830; *Administración de Vivienda*, 200 DPR, pág. 240.
[15] 32 LPRA sec. 2831; *Administración de Vivienda*, 200 DPR, pág. 240*; ATPR*, 196 DPR, pág. 11.

La presentación de su recurso fue indefectiblemente tardía, que nos privó de jurisdicción pues, una vez fue notificada la *Sentencia,* éste tenía un plazo jurisdiccional de cinco (5) días para acudir ante nuestra consideración. Sin embargo, no fue hasta el **7 de noviembre de 2023**, que el señor Williams presentó su *Apelación* ante nos. Ello así, su recurso resulta en uno tardío y procede su desestimación.

IV.

Por los fundamentos anteriormente esbozados, *desestimamos* el recurso por falta de jurisdicción al ser tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones